## Katherine Dyer, Appellee, v. Jacob Weinstein, Appellant.

### Gen. No. 6,119.    (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. N. E. Worthington, Judge, presiding. Heard in this court at the April term, 1915. Reversed. Opinion filed October 20, 1915. Rehearing denied December 8, 1915.

### Statement of the Case.

Action of replevin by Katherine Dyer, plaintiff, against Jacob Weinstein, defendant, to recover possession of a diamond ring, the value of which was fixed in the affidavit at seventy-five dollars. The ring not being obtained by the writ, its value was sought to be recovered by a count in trover.

There was evidence tending to show that the ring was the property of plaintiff, who was a prostitute, and that the ring was pawned with defendant. There was also evidence tending to show that the ring was pawned by plaintiff's paramour, one Gosnell, with plaintiff's knowledge and consent and that plaintiff in a large measure intrusted Gosnell with her money and property. From a judgment for defendant, plaintiff appeals.

J. B. Wolfenbarger, for appellant.

Clyde Capron, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

## Abstract of the Decision.

1. REPLEVIN, § 50*—*when owner of pawned property must pay or tender amount due as prerequisite to action.* One whose personal property has been pawned with her knowledge and consent cannot maintain replevin to recover possession of such property without first paying or tendering the amount due to the pawnee in redemption from the pledge.

2. TROVER AND CONVERSION, § 28*—*when owner of pawned property must pay or tender amount due as prerequisite to action.* An action of trover to recover the value of personal property cannot be maintained against a pawnee of such property where it appears that the property was pawned with the knowledge and consent of plaintiff, and that the amount due to the pawnee in redemption of the pledge was not paid or tendered to pawnee before commencing the action.